IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00733-PAB-BNB

SERVERSIDE GROUP LIMITED and
SERVERSIDE GRAPHICS, INC.,

    Plaintiffs,

v.

CPI CARD GROUP-COLORADO, INC.;
THE MEMBERS GROUP, INC.;
PSCU FINANCIAL SERVICES, INC.;
NEIGHBORS CREDIT UNION; and
ANHEUSER BUSCH EMPLOYEES CREDIT UNION,

    Defendants.

---

**LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS**

---

To the Central Authority for England, United Kingdom:

    In conformity with the Hague Convention of March 18, 1970, on the Taking of Evidence in Civil or Commercial Matters (hereinafter "Hague Convention"), the United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse A841 / Courtroom A801, Denver, Colorado 80294, United States of America, presents its compliments to the High Court, Queen's Bench Division, Royal Courts of Justice, Strand, London WC2A 2LL, England, United Kingdom, and has the honor of requesting its assistance in obtaining relevant and admissible evidence to be used in a civil patent infringement proceeding now pending before this court in the above-captioned matter.

1. The parties to the civil action pending in the United States District Court for the District of Colorado are:

   a. Plaintiffs Serverside Group Limited ("SGL") and Serverside Graphics, Inc. ("SGI"). SGL is incorporated in England and has a principal place of business at 16 Kingly Street, London, W1B 5PT United Kingdom. SGI is incorporated in the State of New York, in the United States, and has a principal place of business at 37 West 20th Street, Suite 809, New York, NY 10011. The plaintiffs are represented by Wolf, Greenfield & Sacks, P.C, 600 Atlantic Ave., Boston, MA 02210.

   b. Defendants CPI Card Group-Colorado, Inc.; The Members Group, Inc.; PCSU Financial Services, Inc.; Neighbors Credit Union; and Anheuser Busch Employees Credit Union. The principal defendant, CPI Card Group-Colorado, Inc., is incorporated in the State of Colorado, in the United States, and has a principal place of business at 10368 West Centennial Road, Littleton, CO 80127. The remaining defendants are CPI's customers and reside in Florida, Iowa, and Missouri. The defendants are represented by Winston & Strawn LLP, 101 California Street Suite 3900, San Francisco, CA 94111. For purpose of the present Letter of Request, the defendants also are represented by Winston & Strawn London, City Point, 1 Ropemaker Street, London EC2Y 9HU, United Kingdom (Tel: +44(0)20 7011 8700; Fax: +44(0)20 7011 8800).

2. The evidence to be obtained, described in detail below, consists of documentary and testimony from the following individuals believed to be present in the United Kingdom:

Justin Hill
Carrington House
126-130 Regent St
London W1B 5SE

**Nature and purpose of the proceeding(s) for which the evidence is required**

3. On June 22, 2011, plaintiffs SGL and SGI sued defendants for patent infringement in the United States District Court for the District of Delaware. The case was subsequently transferred to the District of Colorado for jurisdictional reasons.

4. The patents-in-suit, United States Patent Numbers 7,946,490 and 7,931,199, claim particular equipment for manufacturing a credit card bearing a customized image. Defendants contend that they do not infringe either patent, and that in any event both patents are invalid. Attached hereto as Exhibits A and B respectively are true and correct copies of plaintiffs' infringement contentions and defendants' invalidity contentions.

5. SGL is alleged to own the entire right, title, and interest in the patents-in-suit. SGI is alleged to have an exclusive license with SGL to make, use, sell, and offer for sale in the United States the inventions claimed in the patents-in-suit.

6. On information and belief, Hill is and was lead patent counsel for plaintiffs, and was responsible for filing and prosecuting the provisional application and non-provisional applications that became the patents-in-suit.

7. As lead patent counsel for plaintiffs, Hill likely has knowledge and possesses evidence that is likely to be helpful in determining certain issues at trial. Specifically:

    a. Plaintiffs contend in this lawsuit that both patents are entitled to a priority date of February 18, 2003, but the defendants allege, based on the United States Patent & Trademark Office (PTO) file history of both patents, that the inventors did not

3

invent or reduce the inventions claimed in the patents to practice until much later, perhaps as late as 2008. *See* Ex. A § 5 (Priority Dates). Ascertaining whether or not the patents are entitled to the claimed priority date will be important for this Court's assessment of the validity of the patents at the trial of these proceedings. Hill likely has specific evidence of fact regarding the research and development efforts of Serverside and the patents' inventors, and the dates on which they invented and reduced the invention to practice. Such evidence is pertinent to establishing whether the patents-in-suit are entitled to their claimed priority date, and is not otherwise available from other sources.[1]

b. Understanding whether accurate disclosures, including correct disclosures of inventors and prior art, were made to the United States Patent and Trademark Office is critical to assessment by this Court of issues related to validity and enforceability. Under United States patent law, and the rules of practice before the United States Patent and Trademark Office, complete disclosure of such matters is required for a patent to be enforceable and valid. As lead patent counsel responsible for prosecuting the patents-in-suit, and approving all disclosures to the United States Patent and Trademark Office, Justin Hill is uniquely positioned to testify as to whether complete and accurate disclosures of all known prior art and inventors, were made during prosecution of the patents-in-suit.

---

[1] On July 20, 2012, Plaintiffs were obligated to produce any documents they have in their possession "evidencing the conception, reduction to practice, design, and development of each claimed invention" before the February 18, 2003 priority date, but did not produce any such documents, suggesting that they do not have these documents in their possession and forcing defendants to seek such evidence from other sources.

4

c. Understanding the meaning of patent claim terms will be critical to the assessment by this Court of issues of infringement and validity. Under United States patent law, intrinsic evidence (the claim language, the patent specification, and the file history) is the most relevant evidence to determining the meaning of claim terms. The patent's file history, which is part of this intrinsic record, contains correspondence between a patent applicant and the United States Patent and Trademark Office, generally prepared and filed by the applicant's patent counsel. Statements made in this correspondence impact the scope of the claims of the asserted patents. As lead patent counsel responsible for prosecuting the patents-in-suit, and for crafting and approving any correspondence with the United States Patent and Trademark Office during prosecution of the patents-in-suit, Hill is uniquely situated to testify as to the meaning of portions of the correspondence and associated impact on the scope and meaning of the claim terms disputed.

d. United States patent law requires an inventor to set forth, in a patent's specification, "a written description of the invention," and "the manner and process of making and using it . . . to enable any person skilled in the art to . . . make and use the same." Defendants allege that the inventors did not fulfill this requirement. To support their defense, the defendants require testimony from Hill regarding the scope of the claimed invention at the time of the patent application to determine if the written description is sufficient, and if the disclosure is truly enabling. See Ex. B p. 13.

8. Thus, Hill is likely to have evidence that is both relevant and admissible at trial as to specific issues in this case. Defendants do not seek an exploratory deposition of information

that is readily available from other sources (such as public prior art references, or the state of the art at the time of application), but instead seek documentary and testimonial evidence that is relevant and uniquely in Hill's possession.

9. Specific evidence in this case shows that Hill is likely in possession of unique evidence not readily available from other sources. According to Serverside, the "priority date for the patents is almost ten years ago," and thus "additional relevant documents would likely be a decade or more old, which combined with the inventors leaving Serverside means that such documents may no longer exist or no longer be in Serverside's possession." (*See* attached Exhibit C, which is a true and correct copy of an October 11, 2012 letter from plaintiffs' counsel to defense counsel, p. 2, ¶ 2.) As lead patent counsel responsible for prosecuting the provisional application and non-provisional applications that became the patents-in-suit, Hill is in a unique position with respect to his knowledge of facts that may be relevant to this case, including evidence of events that occurred prior to the plaintiffs' alleged priority date. In addition, Serverside's U.S. patent counsel admits he does not have documents from the beginning of the prosecution of the patents-in-suit, and has testified that those documents would most likely be in the possession of Hill, who was involved in prosecuting the patents at that time. Moreover, Hill is one of the few people who may be in possession of relevant documents, or might know where such documents might be found. Accordingly, Defendants are not seeking exploratory deposition of information that is readily available from other sources, but are targeting their discovery to an individual who is likely to be in unique possession of highly relevant evidence.

**The evidence to be obtained**

10. The evidence to be obtained is oral testimony and the production of certain specific documents to be used as evidence in the trial of this matter.

11. The evidence to be obtained consists of the following:

   a. certain documents in the possession of Justin Hill, which are described in Attachment 1 hereto; and

   b. testimony by Justin Hill regarding: the conception, reduction to practice, and inventorship of the inventions claimed in the '490 and '199 patents; the accuracy of disclosures made during the prosecution of those patents; the meaning of statements made during the prosecution of those patents; the best mode of practicing the invention claimed in the patents; any specific meanings that the claims of the patens have, or Serverside or its agents intended the claims of the patents to have in the field of personalized financial transaction card software and equipment; and interpretation of the amendments to claim terms made during prosecution.

12. The testimonial evidence is required to be given on oath or affirmation. It is also hereby requested that the testimony be in the form of a deposition upon questions put to the witness by counsel. In addition to the presence of counsel, it is also requested that a stenographer be present to take a verbatim transcript of all testimony and proceedings in English and that the transcript of the testimony be authenticated. It is also requested that the witness sign the transcript of his testimony and that the signed, transcribed testimony together with any documents marked as exhibits be transmitted to defendants' representative at the examinations or as soon as possible thereafter. Unless the appointed Examiner before whom such proceedings shall be conducted would prefer otherwise, one or both of the parties shall arrange for the presence of the stenographer.

13. The documentary and testimonial evidence is relevant to the pending proceeding and will assist this Court in resolving the dispute presented in the civil action before it.

14. Accordingly, it is hereby requested that, in the interest of justice, you cause by your usual and proper process such orders to be entered as United Kingdom law permits requiring Justin Hill to produce those documents identified in Attachment 1 hereto, and to transmit such documents to counsel for defendants for further production in the action at a time and place to be determined by you or the appointed Examiner. It is also hereby requested that, in the interest of justice, you cause by your usual and proper process such orders to be entered as United Kingdom law permits requiring Justin Hill to appear and to answer questions under oath or affirmation at a deposition upon questions to be posed by counsel at a time and place to be determined by you or by the appointed Examiner, and that a verbatim transcript be prepared. It is also requested that you inform this Court and the parties through their above-mentioned legal counsel of all relevant dates and times determined by you for the production of the aforementioned evidence.

15. It is respectfully requested that the decision of the Senior Master of the Supreme Court be served on English counsel for defendants:

> Philip Carey
> Winston & Strawn London
> City Point
> 1 Ropemaker Street
> London EC2Y 9HU
> United Kingdom

16. This Court expresses its appreciation to the United Kingdom Government for its courtesy and assistance in this matter and states that this Court shall be ready and willing to assist the courts of the United Kingdom in a similar manner when required. This Court is also

willing to reimburse (through defendants) the appropriate judicial authorities of the United Kingdom for any special costs pursuant to Articles 9 and 14 of the Hague Convention.

Dated: January 30, 2013

Boyd N. Boland
~~Honorable Phillip A. Brimmer, U.S.D.J.~~
United States District Court
District of Colorado,
Denver, Colorado, U.S.A.

**BOYD N. BOLAND**
**United States Magistrate Judge**

9

## **ATTACHMENT 1**

1. Documents in the possession of Justin Hill concerning United States Patents Numbers 7,946,490 and 7,931,199 (the patents-in-suit), and the inventions claimed therein, including:

- All documents relating to the prosecution of the patents-in-suit, including any communications relating to the patents between Justin Hill, or anyone working at the direction of Justin Hill one the one side, and the Marc Brown or anyone working at the direction of Marc Brown on the other side.

- The prosecution files of Mr. Hill, anyone working at Mr. Hill's direction, or his firm Ipulse, for United States Patents Numbers 7,946,490 and 7,931,199, and any underlying applications of the patents-in-suit, including U.S. Provisional Patent Application No. 60/447,972, U.S. Patent Application No. 10/406,519, Patent Cooperation Treaty Application PCT/GB2004/000626, or U.S. Patent Application No. 10/545,833.

- All documents relating to conventions, practices, or policies employed when prosecuting any patents for Serverside.

- All documents relating to the search for, or review, consideration, or assessment of, any prior art references in connection with the patents-in-suit, including but not limited to any review, consideration, or assessment performed during prosecution of the patents-in-suit..

- All documents relating to the meaning, actual or intended, of any term or phrase used in the patents-in-suit.

- All documents relating to the conception, reduction to practice, or inventorship of any invention, or portion of an invention, claimed in the patents-in-suit.